## UNITED STATES *v.* RABINOWICH.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES
        FOR THE SOUTHERN DISTRICT OF NEW YORK.

        No. 748.   Argued April 7, 1915.—Decided June 1, 1915.

A conspiracy, having for its object the commission of an offense denounced by the Bankruptcy Act, is not in itself an offense arising under that act within the meaning of § 29a thereof, and the one year period of limitation prescribed by that section, does not apply.

A conspiracy to commit a crime, as defined in and punished by § 37, Criminal Code (§ 5440, Rev. Stat.) is a different offense from the crime that is the object of the conspiracy.

Mere conspiracy, without an overt act done in pursuance of it, is not criminally punishable under § 37, Criminal Code.

*Quære,* whether the crime of concealing from the trustee, property belonging to the bankrupt estate, as defined in § 29b (1) of the Bankrupt Act can be perpetrated by any one other than a bankrupt or one who has received a discharge as such.

In construing the criminal statutes involved in this action, this court attributes to Congress, in the absence of any inconsistent expression, a tacit purpose to maintain a long established and important distinction between offenses essentially different.

THE facts, which involve the construction of § 29 b of the Bankruptcy Act and § 37 of the Criminal Code (§ 5440, Rev. Stat.) in regard to conspiracies to commit crimes against the United States, are stated in the opinion.

*Mr. Assistant Attorney-General Warren* for the United States:

The context of § 29 of the Bankruptcy Act shows that only the offenses enumerated therein are to be deemed "offenses arising under" that act within the meaning of subdivision d of § 29 of said act.

The offense of conspiracy, as defined by Rev. Stat., § 5440 (§ 37, Penal Code), although the object of such conspiracy be the commission of an offense defined and made punishable by the Bankruptcy Act (30 Stat. 544, 554,) is not an "offense arising under" the Bankruptcy Act, but a separate and distinct offense.

A person may be guilty of conspiring to commit an offense against the United States although he could not himself commit the objective offense.

The object of the conspiracy need not be consummated; and in the case of a conspiracy to commit the offense of concealing, while a bankrupt, property of the bankrupt estate from the trustee, it is not necessary to aver or prove

either that bankruptcy proceedings were instituted or that a trustee was actually appointed.

It is no objection that the conspiracy may be punished more severely than the objective offense, for the offenses are separate, and the evils to be guarded against are distinct.

The parties to the conspiracy may be prosecuted, even though the objective offense at which the conspiracy aimed shall have been accomplished. The liability for conspiracy is not taken away by its success.

The conspiracy is not merged where both the conspiracy and the offense which is its object are misdemeanors, or where both are felonies.

Acquittal upon the charge of conspiracy to commit an offense against the United States does not bar a prosecution for the objective offense.

Upon the same principle an indictment which charges the defendants with conspiracy to commit two different offenses is not duplicitous.

The decision of this case will affect not only prosecutions for conspiracy to commit an offense under the Bankruptcy Act, but also prosecutions for conspiracy to commit offenses under other acts containing special statutes of limitations, applicable to offenses arising thereunder. The existence of different periods of limitation for different offenses makes impossible the application of the doctrine of the *Samuels Case*, the adoption of which would create great confusion.

In support of these contentions, see *In re Adams*, 171 Fed. Rep. 599; *Alkon* v. *United States*, 163 Fed. Rep. 810; *Berkowitz* v. *United States*, 93 Fed. Rep. 452; *Clune* v. *United States*, 159 U. S. 590; *Cohen* v. *United States*, 157 Fed. Rep. 651; *Gantt* v. *United States*, 108 Fed. Rep. 61; *Greene* v. *United States*, 154 Fed. Rep. 401; *Heike* v. *United States*,, 227 U. S. 131; *Houston* v. *United States*, 217 Fed. Rep. 852; *Hyde* v. *United States*, 225 U. S. 347; *John*

*Gund Co.* v. *United States*, 206 Fed. Rep. 386; *Kaufman* v. *United States*, 212 Fed. Rep. 613; *Rabinowitz* v. *United States*, Mar. 9, 1915, unreported; *Radin* v. *United States*, 189 Fed. Rep. 568; *Roukous* v. *United States*, 195 Fed. Rep. 353; *Ryan* v. *United States*, 216 Fed. Rep. 13; *Thomas* v. *United States*, 156 Fed. Rep. 897; *United States* v. *Andem*, 158 Fed. Rep. 996; *United States* v. *Bayer*, 24 Fed. Cas. 1046; *United States* v. *Brace*, 143 Fed. Rep. 703; *United States* v. *Burkett*, 150 Fed. Rep. 208; *United States* v. *Cassidy*, 67 Fed. Rep. 698; *United States* v. *Cohn*, 142 Fed. Rep. 983; *United States* v. *Comstock*, 162 Fed. Rep. 416; *United States* v. *Cook*, 17 Wall. 168; *United States* v. *Gordon*, 42 Fed. Rep. 829; *United States* v. *Hirsch*, 100 U. S. 33; *United States* v. *Holte*, 236 U. S. 140; *United States* v. *Lyman*, 190 Fed. Rep. 414; *United States* v. *Phillips*, 196 Fed. Rep. 574; *United States* v. *Richards*, 149 Fed. Rep. 443; *United States* v. *Samuels*, 1914, Unreported; *United States* v. *Sanche*, 7 Fed. Rep. 715; *United States* v. *Scott*, 139 Fed. Rep. 697; *United States* v. *Stephenson*, 215 U. S. 200; *United States* v. *Thomas*, 145 Fed. Rep. 74; *Williamson* v. *United States*, 207 U. S. 425.

*Mr. William R. Harr*, with whom *Mr. Charles H. Bates* was on the brief, for defendant in error:

The decision of the District Court is in accord with the purpose of Congress, as expressed in the Bankruptcy Act itself, in respect to the period of limitation for the prosecution of offenses growing out of the passage of that act, and a ruling to the contrary would defeat that purpose.

The manifest purpose of Congress in § 29d of the Bankruptcy Act was to cast into oblivion, after the lapse of one year, all offenses having their source in that act. Hence the broad language of § 29 d. *United States* v. *Phillips*, 196 Fed. Rep. 574; *Warren* v. *United States*, 199 Fed. Rep. 753; § 332, Crim. Code; *Kaufman* v. *United States*, 212 Fed. Rep. 613.

A conspiracy to commit an offense against the United States cannot arise unless there is a statute creating said offense; hence it is that statute, rather than the conspiracy statute, which gives rise to the conspiracy offense.

The controlling fact is not, as the Government contends, that conspiracy to commit an offense against the United States is separate and distinct from the offense which is the object of the conspiracy. The question still remains whether said conspiracy offense arises under the Bankruptcy Act within the meaning of the special statute of limitations contained therein.

The bar of the bankruptcy statute is not limited to offenses which are enumerated or fully defined in the Bankruptcy Act, but extends to all offenses arising under that act.

The provisions of the Bankruptcy Act must be included in the description of the conspiracy offense and hence form a component part of said conspiracy offense.

An indictment for conspiracy to commit an offense denounced by the Bankruptcy Act must contain every allegation necessary to sustain an indictment for the commission of the substantive offense which is the object of the conspiracy. *United States* v. *Comstock*, 162 Fed. Rep. 415.

The offense of conspiring to have a bankrupt fraudulently and knowingly conceal his property from the trustee in bankruptcy not only arises under the Bankruptcy Act but is part and parcel of it, as fully as if expressly written therein.

Nothing would be added to the Bankruptcy Act now if Congress should amend the act by making it an offense for two or more persons to conspire to conceal the property of the bankrupt from the trustee. That provision is already, in effect, part and parcel of the bankruptcy law.

This is a case for the application of the principle that where there is a general and a special statute dealing with

the same subject the special statute controls. *Williams* v. *United States*, 168 U. S. 389; *Phillips* v. *Grand Trunk Western Ry.*, 236 U. S. 662.

*United States* v. *Hirsch*, 100 U. S. 33, relied on by the plaintiff in error, was a case of conspiracy to defraud the Government, and the hypothesis upon which that decision rests is not applicable to conspiracies to commit an offense against the United States.

While there is some diversity of opinion among the lower Federal courts, the best reasoned cases hold that the special statute of limitations contained in the Bankruptcy Act applies to the offense of conspiring to violate the provisions of that statute. *United States* v. *Samuels,* 000 Fed. Rep. 000; *United States* v. *Comstock*, 162 Fed. Rep. 416; *United States* v. *Hirsch*, 100 U. S. 33.

The decision of the District Court tends to produce greater uniformity in the administration of the criminal laws.

It is clearly more in accord with the impartial administration of justice to hold that a conspiracy to commit an offense—which means simply an agreement to commit some specific act which the law does not wish done—shall be barred from prosecution when the act itself, if committed, is barred. *United States* v. *Irvine*, 98 U. S. 450; *United States* v. *Kissell*, 218 U. S. 607; *Heike* v. *United States*, 227 U. S. 144; *Brown* v. *Elliott*, 225 U. S. 404, distinguished.

MR. JUSTICE PITNEY delivered the opinion of the court.

This is a writ of error, taken under the criminal appeals act of March 2, 1907 (c. 2564, 34 Stat. 1246), to review a judgment of the District Court sustaining, on demurrer, a special plea in bar to an indictment for conspiracy found June 24, 1912, and based upon § 37 of the Criminal Code of March 4, 1909 (c. 321, 35 Stat. 1088, 1096), formerly

§ 5440, Rev. Stat. The indictment embraces six individuals, including defendant in error, and contains two counts, of which the first recites that three of the defendants, K., R., and F., were doing business as co-partners, and had on hand a large quantity of goods; that they and the other named defendants contemplated and planned that the co-partners should commit an act of bankruptcy, an involuntary petition in bankruptcy should be filed against them, they should be adjudged bankrupts, and thereafter a trustee in bankruptcy should be appointed; and avers that, under these circumstances, the defendants named, including K., R., and F., conspired and agreed together that K., R., and F. should conceal, while bankrupts, from the trustee of the estate in bankruptcy, certain specified property belonging to said estate in bankruptcy. Overt acts are alleged. The second count differs in its recitals, but does not differ in any respect now material in setting forth the conspiracy. In each count the conspiracy and overt acts are stated to have taken place in March and April, 1911, more than a year before the finding of the indictment. Neither count avers a continuing conspiracy. The plea sets up the alleged bar of the statute of limitations contained in § 29 d of the Bankruptcy Act (c. 541, 30 Stat. 554), in that the indictment was not found within one year after the commission of the alleged offenses. The District Court held, upon a construction of the applicable statutes, that the prosecution upon the charges contained in the indictment was limited by the section thus invoked, and not by § 1044, Rev. Stat.

The pertinent statutory provisions are set forth in the margin.[1] Section 1044, which of course antedated the

---

[1] Section 37 of the Criminal Code is as follows:

Sec. 37. If two or more persons conspire either to commit any offense against the United States, or to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, each of the parties to such con-

Bankruptcy Act, declares that no person shall be prosecuted for any offense (with exceptions not now material), unless the indictment is found or information instituted within three years next after such offense shall have been committed; while § 29 d of the Bankruptcy Act limits to one year the prosecution "for any offense arising under this Act." The narrow question presented is, whether a conspiracy having for its object the commission of an offense denounced as criminal by the Bankruptcy Act is in itself an offense "arising under" that Act, within the meaning of § 29 d.

It is apparent from a reading of § 37, Crim. Code (§ 5440, Rev. Stat.), and has been repeatedly declared in decisions of this court, that a conspiracy to commit a crime is a different offense from the crime that is the object of the conspiracy. *Callan* v. *Wilson*, 127 U. S. 540, 555; *Clune* v. *United States*, 159 U. S. 590, 595; *Williamson* v. *United States*, 207 U. S. 425, 447; *United States* v. *Stevenson*

---

spiracy shall be fined not more than ten thousand dollars, or imprisoned not more than two years, or both.

Section 29 of the Bankruptcy Act, so far as material, is as follows:

b A person shall be punished, by imprisonment for a period not to exceed two years, upon conviction of the offense of having knowingly and fraudulently (1) concealed while a bankrupt, or after his discharge, from his trustee any of the property belonging to his estate in bankruptcy; . . .

d A person shall not be prosecuted for any offense arising under this Act unless the indictment is found or the information is filed in court within one year after the commission of the offense.

Section 1044 of the Revised Statutes as amended April 13, 1876, is as follows:

No person shall be prosecuted, tried, or punished for any offense, not capital, except as provided in section one thousand and forty-six, [referring to the revenue laws] unless the indictment is found, or the information is instituted within three years next after such offense shall have been committed. But this act shall not have effect to authorize the prosecution, trial or punishment for any offense, barred by the provisions of existing laws.

(No. 2), 215 U. S. 200, 203. And see *Burton* v. *United States*, 202 U. S. 344, 377; *Morgan* v. *Devine*, 237 U. S. 632. The conspiracy, however fully formed, may fail of its object, however earnestly pursued; the contemplated crime may never be consummated; yet the conspiracy is none the less punishable. *Williamson* v. *United States, supra.* And it is punishable as conspiracy, though the intended crime be accomplished. *Heike* v. *United States*, 227 U. S. 131, 144.

Nor do we forget that a mere conspiracy, without overt act done in pursuance of it, is not criminally punishable under § 37, Crim. Code. *United States* v. *Hirsch*, 100 U. S. 33, 34; *Hyde* v. *Shine*, 199 U. S. 62, 76; *Hyde* v. *United States*, 225 U. S. 347, 359. There must be an overt act; but this need not be of itself a criminal act; still less need it constitute the very crime that is the object of the conspiracy. *United States* v. *Holte*, 236 U. S. 140, 144; *Joplin Mercantile Co.* v. *United States*, 236 U. S. 531, 535, 536. Nor need it appear that all the conspirators joined in the overt act. *Bannon* v. *United States*, 156 U. S. 464, 468. A person may be guilty of conspiring although incapable of committing the objective offense. *Williamson* v. *United States, supra; United States* v. *Holte, supra.* And a single conspiracy might have for its object the violation of two or more of the criminal laws, the substantive offenses having perhaps different periods of limitation. (See *Joplin Mercantile Co.* v. *United States*, 236 U. S. 531, 547, 548, for an instance of a conspiracy with manifold objects.)

It is at least doubtful whether the crime of concealing property belonging to the bankrupt estate from the trustee, as defined in § 29 b (1) of the Bankruptcy Act, can be perpetrated by any other than a bankrupt or one who has received a discharge as such. Counsel for defendant in error refers to § 1, subdivision 19, of the Act, which gives the following definition: "(19). 'Persons'

shall include corporations, except where otherwise specified, and officers, partnerships, and women, and when used with reference to the commission of acts which are herein forbidden shall include persons who are participants in the forbidden acts, and the agents, officers, and members of the board of directors or trustees, or other similar controlling bodies of corporations." But the Circuit Court of Appeals for the Eighth Circuit has held that this does not broaden the interpretation of § 29 b (1) and that present or past bankruptcy is an attribute of every person who may commit the offense therein denounced. *Field* v. *United States*, 137 Fed. Rep. 6. And see *Kaufman* v. *United States*, 212 Fed. Rep. 613, 617.

But, if there be doubt about this, we are not now called upon to solve it. For, as appears from what has been said, the defendants here accused include six individuals, only three of whom (not including defendant in error) were the owners of the property that was to be unlawfully concealed; and the conspiracy, as alleged in each count, was that these three, and they only, should, while bankrupt, conceal the property. Of course, an averment that the others were parties to the conspiracy is by no means equivalent to an averment that they were to participate in the substantive offense. And so we have the typical case of a conspiracy that is in every way distinct from the contemplated crime that formed its object.

Defendant in error, while conceding, for the purposes of the argument, that the conspiracy and the substantive offense are separate and distinct, insists that the question still remains whether such a conspiracy offense as is here charged "arises under" the Bankruptcy Act, within the meaning of the special statute of limitations contained therein. The argument is that this bar is not by its terms limited to offenses enumerated or fully defined in the Act, but extends to all offenses "arising under" it; that without a law creating the substantive offense of

"concealing," etc., a conspiracy to do the acts contem-plated by the present defendants would not be a crime; and hence, that it is this law, rather than the conspiracy statute, which "gives rise" to the conspiracy offense.

The argument is ingeniously elaborated, but it has not convinced us. We deem it more reasonable to interpret "any offense arising under this Act" as limited to offenses created and defined by the same enactment. In reaching this conclusion, we have not merely had regard to the proximity of the clause to the context, but have attributed to Congress a tacit purpose—in the absence of any in-consistent expression—to maintain a long-established distinction between offenses essentially different; a dis-tinction whose practical importance in the criminal law is not easily overestimated.

We cannot agree that there is anything unreasonable, or inconsistent with the general policy of the Bankruptcy Act, in allowing a longer period for the prosecution of a conspiracy to violate one of its penal clauses than for the violation itself. For two or more to confederate and combine together to commit or cause to be committed a breach of the criminal laws, is an offense of the gravest character, sometimes quite outweighing, in injury to the public, the mere commission of the contemplated crime. It involves deliberate plotting to subvert the laws, educat-ing and preparing the conspirators for further and habit-ual criminal practices. And it is characterized by secrecy, rendering it difficult of detection, requiring more time for its discovery, and adding to the importance of punishing it when discovered.

*United States* v. *Hirsch,* 100 U. S. 33, 34, 35, is in principle quite like the case at bar. There the indict-ment contained four counts, of which the first and second, drawn under § 5440, Rev. Stat., charged a con-spiracy to defraud the United States out of the duties on certain merchandise theretofore imported and there-

after to be imported. The other counts were drawn under § 5445, and charged the entry of goods at the custom house by fraudulent invoice and false classification. The question was as to the validity of a plea that the offenses charged had been committed more than three years before the finding of the indictment, and this turned upon whether § 1044 applied, or § 1046, which prescribed a limitation of five years for a prosecution "for any crime arising under the revenue laws." This court held that with respect to the first two counts the three-year limitation prescribed by § 1044 was applicable, saying: "Specific acts which are violations of the laws made to protect the revenue may be said to be crimes arising under the revenue laws, as are those in the third and fourth counts; but a conspiracy to defraud the Government, though it may be directed to the revenue as its object, is punishable by the general law against all conspiracies, and can hardly be said, in any just sense, to arise under the revenue laws." This was said in spite of the fact, pointed out in the opinion, that § 5440 was originally § 30 of the act of March 2, 1867 (c. 169, 14 Stat. 471, 484), which was a revenue law.

It is not necessary to extend the discussion. In our opinion, a conspiracy to commit an offense made criminal by the Bankruptcy Act is not of itself an offense "arising under" that Act within the meaning of § 29 d, and hence the prosecution is not limited by that section.

*Judgment reversed, and the cause remanded for further proceedings in accordance with this opinion.*

MR. JUSTICE MCREYNOLDS took no part in the consideration or decision of this case.