FRIEDMAN v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit.   October 3, 1916.   Rehearing Denied November 7, 1916.)

No. 2371.

CONSPIRACY &⟶43(11)—OFFENSES—INDICTMENT.

   An indictment charging that defendants, expecting an involuntary petition in bankruptcy to be filed against one of them, and an adjudication and the appointment of a receiver to follow, conspired to conceal from the trustee property belonging to the expected bankrupt, and setting forth overt acts done pursuant to the conspiracy, is sufficient, though not alleging that the owner was a bankrupt at the time of the conspiracy.

   [Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 86, 98;  Dec. Dig. &⟶43(11).]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Koppel Friedman was convicted of conspiring to defeat the Bankruptcy Act, and he brings error.   Affirmed.

Morris K. Levinson, of Chicago, Ill., for plaintiff in error.

Charles F. Clyne and Joseph B. Fleming, both of Chicago, Ill., for defendant in error.

Before MACK, ALSCHULER, and EVANS, Circuit Judges.

PER CURIAM.   Is an indictment valid which, after alleging that defendants expected an involuntary petition in bankruptcy to be filed against one of them and an adjudication and the appointment of trustee in bankruptcy to follow, charged a conspiracy to conceal from such trustee certain property belonging to the expected bankrupt and specifically described, and set forth overt acts done pursuant to the conspiracy, but did not allege that such owner was a bankrupt at the time of the conspiracy?

U. S. v. Rabinowich, 238 U. S. 78, 35 Sup. Ct. 682, 59 L. Ed. 1211, in our judgment, is conclusive of the question.   While the only matter discussed in the opinion is whether the limitation period provided in the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544) or the general limitation statute is applicable to such an offense, the indictment upheld by the court was substantially identical with that in the instant case.   The express contention of counsel for the government in that case that it is unnecessary in such a conspiracy charge to aver or prove that bankruptcy proceedings had in fact been instituted was necessarily sustained when the indictment was held valid.   See, too, Radin v. U. S., 189 Fed. 571–575, 111 C. C. A. 6.

Judgment affirmed.

&⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes