## UNITED STATES v. PARRILLO.

(Circuit Court of Appeals, Third Circuit. June 11, 1924.)

No. 3114.

**1. Criminal law ⬀200(6)—Information for violations of Prohibition Act held not bar to subsequent indictment for conspiracy.**

An information charging defendant with violations of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), to which he did not plead and on which he was not tried, *held* not a bar to a subsequent indictment for conspiracy to commit such offenses, though the overt acts alleged are the same acts charged in the information.

**2. Conspiracy ⬀37—Use of conspiracy charge deprecated in prosecution of minor misdemeanors.**

The indiscriminate use of the conspiracy statute against defendants who have been jointly indicted for substantive completed minor misdemeanors, alleged to be the object of the conspiracy, is deprecated.

**3. Criminal law ⬀171—Plea of former jeopardy not supported by prior information filed, to which no plea has been entered.**

That the offense charged in an indictment was also charged in a prior information filed, but to which no plea has been entered, will not support a plea of former jeopardy.

**4. Criminal law ⬀1168(1)—Judgment not reversible where sentence is justified in one count.**

A judgment of conviction will not be reversed, because of the insufficiency of the evidence to support it as to certain counts, where it is sufficient as to one count, and the sentence is within the statutory limit which may be imposed on such count.

⬀For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. Criminal law ☜1056(1), 1129(1)—Charge not excepted to, and not assigned as error, not basis for reversal.**

A judgment is not reversible, on the ground that the charge was not sufficiently specific, where the objection was not called to the attention of the trial court by exception, and is not covered by an assignment of error.

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Criminal prosecution by the United States against Dominick Parrillo. Judgment of conviction, and defendant brings error. Affirmed.

John A. Matthews, of Newark, N. J., for plaintiff in error.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Walter D. Van Riper, Asst. U. S. Atty., of Newark, N. J., for the United States.

Before WOOLLEY and DAVIS, Circuit Judges, and GIBSON, District Judge.

GIBSON, District Judge. The above is an appeal wherein the defendant, Dominick Parrillo, was convicted in the District Court of New Jersey upon an indictment which originally contained five counts. The court, upon motion of defendant's counsel, quashed the fifth count, and the defendant was convicted upon the four remaining counts. One John Smith was indicted with the defendant Parrillo, but did not appear and was not tried.

The first count of the indictment charges the defendant with conspiring to facilitate the transportation and concealment, knowing the same to have been fraudulently imported, of merchandise prohibited to importation, namely, some 85 cases of Scotch whisky; the second count charges the defendants with facilitating the transportation of the same intoxicating liquor which had been imported contrary to law; the third count charges defendants with the conspiracy to knowingly and unlawfully possess and transport intoxicating liquor containing more than one-half of 1 per cent. of alcohol by volume; and the fourth count charges them with the possession of the same liquor in an automobile truck. The fifth count, which was quashed, charges the defendants with the transportation of the same liquor.

[1] The record in this case is far from satisfactory. As nearly as may be determined from it, the defendant first entered a plea of "not guilty" to the indictment. Before trial, he withdrew this plea and entered what is alternately termed in the docket entries a motion to quash and a plea of former conviction. It would seem from the record that the plea, if such it was, was overruled by the court, apparently acting upon verbal demurrer of the United States attorney, upon all counts except the fifth, which was quashed. It is incumbent upon us, in view of the record and the assignments of error, to pass judgment upon the assumption that the court had sustained the verbal demurrer of the United States attorney to the plea.

The record discloses that on or about May 14, 1923, and before the return of the indictment in the instant case, the United States attorney

had filed a criminal information against the same defendants, charging them, in the first count, with the maintenance of a common nuisance, by keeping, etc., an automobile containing whisky, in the second count with possessing whisky (amount unnamed), and in the third count with transporting whisky. The record in this last-mentioned case shows a plea of guilty to the transportation charge. This was the same charge contained in the fifth count of the indictment in the instant case. Upon this plea the court imposed a fine of $500. The appellant alleges that the assistant United States attorney, at the time the plea was entered to the transportation charge in the criminal complaint, agreed to nol. pros. the other two counts. This was not done, according to the record, and the counts still stand open.

An examination of the record discloses the fact that the first count charges an offense not identical with that set up in any count of the criminal complaint. The conspiracy is to transport and conceal merchandise imported contrary to law. It is true that the overt act set up in that count is substantially the same offense set forth in the third count of the information. But the offense charged is, nevertheless, plainly different from that set out in the information, and therefore we think the court was correct in overruling the defendant's motion to quash, or plea, assuming regularity of procedure to have been observed. The second count likewise sets up an offense not charged in the criminal complaint. It charges the specific offense of facilitating the transportation of whisky which had been imported contrary to law. The third count charges a conspiracy to possess and transport intoxicating liquors. The overt act charged is the possession of whisky in an automobile truck on the 30th day of April, 1923, and is the same offense charged in the second count of the original criminal information. The defendant's plea, or motion to quash, is plainly insufficient as a matter of record, because the defendant never pleaded guilty to, nor was tried upon, the possession charge in the original information. This matters little, perhaps, in view of various decisions of the Supreme Court, which hold that the conspiracy to commit an offense is a substantive offense, not merged in the completed act, at least in so far as minor misdemeanors are concerned. U. S. v. Rabinowich, 238 U. S. 78, 35 Sup. Ct. 682, 59 L. Ed. 1211.

[2] We do not question in the slightest degree the authority of the Supreme Court in laying down the above proposition, but are somewhat inclined, we may say in passing, to deprecate the too free use of the conspiracy statute which is based upon the decisions mentioned. We doubt if Congress in passing the act, or the Supreme Court in its decisions, have contemplated the common use of the statute in cases of minor misdemeanors, where two or more defendants have been jointly indicted for the substantive offense alleged to be the object of this conspiracy. The effect of such use is to make the penalty for the substantive offense greater than was contemplated by Congress.

[3] The fourth count charges the possession of the same whisky set forth as possessed in one of the counts of the criminal information, but, as stated, no plea was entered to the count, which is still open. Under such circumstances, it is plain no plea of former conviction

could be maintained. On argument, counsel for the appellant stated that the plea to the original information had been entered pursuant to an arrangement with the assistant United States attorney having charge of the case, by which the latter was to nol. pros. the possession and nuisance counts upon the defendant pleading to the transportation count. It is not, as a general thing, advisable for the government's counsel to enter into such arrangements with defendants. The general rule is subject to exceptions, and it may be proper, in view of failure of proof, or to save the time of the court, that such agreements be sparingly made. When made, they should be carried out strictly. In case it becomes impossible to carry out such an agreement, the least that should be done by the United States attorney and the court would be the allowance of the withdrawal of the plea entered pursuant to it. In the present case it is perhaps discursive to make the foregoing comment, because the record fails to disclose such an agreement, and the court, therefore, cannot take it into consideration in passing upon the plea to the fourth count.

[4] The question most seriously raised by the appellant upon argument related to the sufficiency of the evidence to sustain the verdict. As to the first and second counts of the indictment, we are inclined to doubt the sufficiency of the testimony to sustain verdicts of guilty. That the whisky in question was imported is proven, if proven at all, only by the alleged confession of the defendant, who is said to have declared that he got the whisky in question at a point near the coast line of New Jersey, from a man who had "bought it from the boats." As stated in substance by appellant's counsel upon the argument, the whisky was labeled as Scotch whisky; but he contended, and with justification, that the mere label was insufficient to determine that the contents of the whisky cases had been imported. It would seem to require some little stretch of the imagination to say that the importation feature was established by the second hand declaration of defendant's predecessor in possession to the effect that the whisky had come "from the boats."

Were the first and second counts the only charges in the indictment, as stated supra, we should doubt very seriously whether the evidence adduced was sufficient to sustain them. The indictment, however, contains two other counts, one of which, the third, is sufficient in itself to sustain the sentence imposed. That count charges the conspiracy to possess and transport intoxicating liquor. From the facts appearing from the government's testimony showing, inter alia, the seizure at night of a truck which had theretofore been moving very rapidly and which contained 85 cases of whisky, the jury might be justified in determining that the possession and transportation of the whisky so shown was pursuant to an arrangement between the persons found to be in possession to possess and transport it in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).

[5] Upon argument it was urged that the court entirely failed to define a conspiracy to the jury, and that its charge relative to the conspiracy counts was confined, in substance, to reading the charges as set forth in the indictment. If an exception had been taken to the charge on

this account, and had been incorporated in an assignment of error, it would have been entitled to serious consideration; but no such assignment of error is before us, and defendant's counsel not having called the omission to the attention of the trial judge, nor having duly presented it in this court, we feel that it is not incumbent upon us to notice it.

The judgment is affirmed.