### UNITED STATES v. FRANK et al., and nine other cases.

(District Court, D. Rhode Island. May 6, 1926.)

Nos. 2676, 2678–2681, 2684, 2686, 2689–2691.

1. **Conspiracy** ⬠43(6)—**Indictment for conspiracy to violate Prohibition Act held sufficient on demurrer (Criminal Code § 37 [Comp. St. § 10201]; National Prohibition Act [Comp. St. Ann. Supp. 1923, § 10138¼ et seq.]).**

An indictment under Criminal Code, § 37 (Comp. St. § 10201), for conspiracy to "violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), by unlawfully importing, transporting, possessing, and selling * * * intoxicating liquor," otherwise than authorized by said act, and which duly charged overt acts, *held* not subject to demurrer because it did not allege actual importation, transportation or sale, or specify the kind of liquor.

2. **Indictment and information** ⬠86(2)—**Indictment for conspiracy to violate Prohibition Act not demurrable because it failed to allege in terms that offense was to be committed within United States (National Prohibition Act [Comp. St. Ann. Supp. 1923, § 10138¼ et seq.]).**

An indictment for conspiracy to "violate the National Prohibition Act" (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), in ways therein specified, was not subject to demurrer because it did not allege in terms that the offense was to be committed within the territory of the United States.

3. **Conspiracy** ⬠25—**Agreement to bribe officer encountered may constitute conspiracy (Criminal Code, § 37 [Comp. St. § 10201]).**

A conspiracy could be complete as a criminal offense under Criminal Code, § 37 (Comp. St. § 10201), were the agreement no more definite than to bribe the officer that might be encoun-

tered, and if moneys were put into the hands of one of the conspirators to effect this purpose.

**4. Conspiracy ☞43(1).**

An indictment for conspiracy to import or transport intoxicating liquors unlawfully, charging the general purpose and alleging an overt act, is sufficient.

Criminal prosecution by the United States against Sam Frank and others. On demurrers to indictments. Overruled.

Ruling herein to apply as to indictments against Sigmund Rand and others (two cases), against Johnny Campbell and others (three cases), against Harry Shatkin and others, against J. Truman Dodge and others, against Sam Frank and others (a second case), against Frank J. Stuart and others, and against Lampros Brown and others.

John S. Murdock, U. S. Atty., of Providence, R. I.

John L. Curran, Rosenfeld & Hagan, Charles Kiernan, and John P. Hartigan, all of Providence, R. I., for defendants Frank and others.

John P. Hartigan and Peter W. McKiernan, both of Providence, R. I., for defendants Rand and others.

Daniel T. Hagan, of Providence, R. I., for defendants Campbell and others.

John J. Rosenfeld, Daniel T. Hagan, and Charles Kiernan, all of Providence, R. I., for defendants Shatkin and others.

Peter W. McKiernan, of Providence, R. I., for defendants Dodge, Stuart and others.

Cornelius C. Moore and Walter Curry, both of Newport, R. I., and John P. Hartigan, of Providence, R. I., for defendants Brown and others.

BROWN, District Judge. The indictment is in three counts—the first charging conspiracy to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.); the second to violate section 39 of the Criminal Code (Comp. St. § 10203); the third to defraud the United States of customs duties.

[1] The consideration of certain well-established principles will dispose of most of the numerous points raised on demurrer.

Williamson v. U. S., 207 U. S. 425, states at page 447, 28 S. Ct. 163, 171 (52 L. Ed. 278):

"But in a charge of conspiracy the conspiracy is the gist of the crime, and certainty, to a common intent, sufficient to identify the offense which the defendants conspired to commit, is all that is requisite in stating the object of the conspiracy."

In U. S. v. Rabinowich, 238 U. S. 78, 35 S. Ct. 682, 59 L. Ed. 1211, it was held that:

"A conspiracy, having for its object the commission of an offense denounced by the Bankruptcy Act, is not in itself an offense arising under that act within the meaning of section 29a thereof."

In the present case it is apparent that the first count is not a case arising under the National Prohibition Act, and that section 32, title 2, of that act (Comp. St. Ann. Supp. 1923, § 10138½s), which provides: "It shall not be necessary in any affidavit, information, or indictment to give the name of the purchaser or to include any defensive negative averments, but it shall be sufficient to state that the act complained of was then and there prohibited and unlawful," etc.—has no application to these counts framed under Sec. 37 of the Criminal Code (Comp. St. § 10201). The contention of the defendant as to the unconstitutionality of this section is therefore irrelevant and need not be further considered.

As the indictment charges a conspiracy for an unlawful purpose, and as the statutory offense is complete upon the doing of an overt act, it cannot be assumed upon demurrer that the substantive offense was committed. It follows that there is no merit in those objections to the failure to charge that any liquors were brought into the United States or were actually imported, or that there was any actual transportation or sale, or that it does not state to whom a sale of liquor was made.

The defendants rely upon U. S. v. Beiner (D. C.) 275 F. 704, and U. S. v. Dowling (D. C.) 278 F. 633, to support their contention that the first count is defective because it sets forth the conclusion of the pleader, and not facts necessary to an indictment in the federal court. While these decisions give some support to this contention, each is a decision by a single judge in a District Court, and their authority is weakened by the fact that in Haynes v. U. S., 4 F.(2d) 889, the Circuit Court of Appeals of the Second Circuit refused to follow them, and sustained an indictment substantially like the first count of the indictment in the present case. See, also, Miller v. U. S. (C. C. A.) 300 F. 529; Williams v. U. S. (C. C. A.) 3 F.(2d) 933 (C. C. A. Sixth Circuit), and Rudner v. U. S., 281 F. 516 (C. C. A. Sixth Circuit).

[2] It is further urged that it does not appear that the transportation was to be within the United States or within the district of Rhode Island, and that it is not a crime to transport, possess, or sell liquors on the high seas. While it is true that the words "to violate the National Prohibition Act by unlaw-

fully importing, transporting, possessing, and selling large quantities of intoxicating liquor containing one-half of 1 per cent. or more of alcohol by volume and fit for beverage purposes otherwise than authorized in the National Prohibition Act," do not in direct terms allege an intention to do this within the territory of the United States, no defendant, upon reading this charge, could reasonably assume that it was intended to cover acts which would not constitute an offense against the United States, or a violation of the National Prohibition Act, or that it was intended to cover acts done outside of the territorial jurisdiction of the United States.

While, as a matter of pleading, it is essential to allege a purpose to do acts which, if done, would constitute a crime against the United States, yet there can be no doubt that the pleader has applied these facts, first, to the commission of an offense against the United States, and, second, to a violation of the National Prohibition Act, and that, upon the presumption of a knowledge of criminal law, the purpose of unlawfully importing, transporting, possessing, and selling intoxicating liquor is confined to the territory within which the criminal statutes of the United States are operative.

In reading an indictment, neither court nor defendant can isolate a portion of the text, but must construe the whole. As stated in Gould on Pleading, c. 3, § 15:

"In some instances, however, inferences of law are advanced in pleading, for the purpose of showing the intended *application of the facts* pleaded."

Stephen on Pleading (9th Am. Ed.) p. 347, states as follows:

"It may be observed, however, that though it is in general unnecessary to ·allege matter of law, yet there is sometimes occasion to make mention of it, for the convenience or intelligibility of the statement of fact."

Apparently it is a familiar and useful device of pleading, which tends to avoid prolixity, to restrict the application of facts to specific statutory law upon which a charge is founded.

Being of the opinion that this indictment must be construed to charge a purpose of doing these things ,within the territory of the United States, no actual prejudice can come to the defendant in the course of the trial, and the preparation of his defense need not include evidence as to any facts not within the scope of an offense against the United States defined by the National Prohibition Act.

[3] What we have said to the effect that the gist of the offense of conspiracy is the combination in the criminal purpose, and that only an overt act is essential to complete the offense defined by section 37, disposes of most of the objections to the other counts. It is not essential that the details of the scheme or the exact officers who were to be bribed shall be agreed upon. A conspiracy could be complete· as a criminal offense under section 37, were the agreement no more definite than to bribe the officer that might be encountered, and if moneys were put in the hands of one of the conspirators to effect this purpose.

[4] As a matter of fact, in attempting an unlawful landing on our shores, or unlawful transportation within our territory, conspirators to effect their general object are obliged to resort to various means to evade the officers of the law. The general purpose being formed, a single overt act done, they are subject to indictment, although the draftsman is unable to describe in detail and with particularity what the defendants intended to do to escape detection, what they did in 'fact do, and what they would have done had they not been intercepted.

I am of the opinion that the indictments give the defendants due notice of the offenses with which they are charged, and that there is no substantial ground for sustaining these demurrers.

Demurrers overruled.