## HUGHES v. UNITED STATES.
### No. 8494.

Circuit Court of Appeals, Fifth Circuit.

March 24, 1938.

M. H. Myerson and Paul E. Speh, both of Jacksonville, Fla., for appellant.

Damon G. Yerkes, Asst. U. S. Atty., of Jacksonville, Fla.

Before FOSTER and HUTCHESON, Circuit Judges, and BORAH, District Judge.

FOSTER, Circuit Judge.

Appellant was charged in one indictment, together with nine other named persons, with conspiring to violate the national liquor laws by unlawfully possessing stills and distilling apparatus, carrying on the business of distilling, without giving bond, and by having in their possession moonshine whisky, in unstamped containers, on which the taxes imposed by law were unpaid. He was charged in another indictment, together with Dallas Jordan and R. C. "Bo" Ansley, with, on July 31, 1936, unlawfully possessing 20 gallons of moonshine whisky, in four 5-gallon jugs, upon which stamps were not affixed. One of the overt acts alleged in connection with the conspiracy indictment was that on July 31, 1936, appellant, Jordan, and Ansley drove an automobile around the streets of Palatka, Fla., in which automobile there were concealed four 5-gallon jugs of moonshine whisky. However, it was not alleged the liquor was tax unpaid; that the containers were unstamped; or that the concealment was for the purpose of defrauding the United States. The overt act alone did not charge an offense. The indictments were consolidated for trial without objection by appellant. All the defendants in the conspiracy case who were put on trial, including appellant, were acquitted. Appellant, together with Jordan and Ansley, was convicted of the substantive offense charged in the other indictment. Appellant assigns error to the denial of a motion in arrest of judgment and contends that the verdict was contrary to the law and the evidence in that it is inconsistent with his acquittal on the conspiracy charge.

It may be conceded that if the same offense is charged in two counts of an indictment or in two indictments consolidated for trial, acquittal on one count will bar conviction on the other. Speiller v. U. S., 3 Cir., 31 F.2d 682; Bertsch v. Snook, 5 Cir., 36 F.2d 155. But in considering this

question the test of identity is whether the same evidence will support both counts. Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153. We must assume that it was sufficient to support the conviction of appellant of the substantive offense. Since Jordan and Ansley were not named as conspirators in the other indictment their joint action in committing the substantive offense would not be sufficient evidence of a conspiracy between appellant and his co-conspirators to support a conviction on that count. It is the conspiracy that is the crime, not an overt act committed in furtherance of it. This may be otherwise innocent. It is plain that more and different evidence was needed to support the conspiracy charge. The verdicts were not inconsistent. U. S. v. Rabinowich, 238 U.S. 78, 35 S.Ct. 682, 59 L.Ed. 1211.

The record presents no reversible error. Affirmed.