**BANGHART et al. v. UNITED STATES.**

No. 5351.

Circuit Court of Appeals, Fourth Circuit.

April 2, 1945.

Writ of Certiorari Denied June 18, 1945.

See 65 S.Ct. 1568.

Basil Banghart, appellant in pro. per.

Ludwig Schmidt, appellant in pro. per., on the brief.

Irving S. Shapiro, Atty., Department of Justice, of Washington, D. C. (Tom C. Clark, Asst. Atty. Gen., Theron L. Caudle, U. S. Atty., of Charlotte, N. C., and Robert S. Erdahl, Atty., Department of Justice, of Washington, D. C., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal by Basil Banghart and Ludwig Schmidt from the denial of a motion to strike out sentences imposed upon them under counts 3, 4 and 12 of a twelve count indictment, they having been convicted on all counts of the indictment. Count 2 charged a robbery of the mail with a putting in jeopardy of the life of the custodian; and under that count both Banghart and Schmidt were sentenced to terms of 25 years. Counts 3 and 4 charged injury to mail bags with intent to steal the mail and count 12 charged conspiracy to rob the mail. Banghart was given a two year sentence under each of these counts, and Schmidt a two year sentence under count twelve, the sentences to run consecutively. Their contention is that the crimes charged under counts 3, 4 and 12 were parts of the same crime for which they were given the 25 year sentence under count 2, and that, consequently, additional sentences under those counts are void as constituting double jeopardy.

We think that there is no merit whatever in the contentions of appellants. It is well settled that conspiracy to commit a crime is a separate and distinct offense from the crime which is the object of the conspiracy and may be separately punished. United States v. Rabinowich, 238 U.S. 78, 35 S.Ct. 682, 59 L.Ed. 1211; Heike v. United States, 227 U.S. 131, 33 S. Ct. 226, 57 L.Ed. 450; Old Monastery Co. v. United States, 4 Cir., 147 F.2d 905; Short v. United States, 4 Cir. 91 F.2d 614, 621, 112 A.L.R. 969; Lisansky v. United States, 4 Cir., 31 F.2d 846, 67 A.L.R. 67. Likewise, the crime of cutting or injuring a mail bag with intent to steal the mail denounced by sec. 189 of the Criminal Code, 18 U.S.C.A. § 312, is a different offense and involves different elements from the crime of robbery denounced by sec. 197, 18

522

U.S.C.A. § 320. To make out the offense, injury to the bag must be shown; and this is not an element of the crime denounced by the robbery statute. Cf. Hunt v. Hudspeth, 10 Cir. 111 F.2d 42; Johnston v. Lagomarsino, 9 Cir. 88 F.2d 86. The injury to each bag constitutes a separate offense under sec. 189. Ebeling v. Morgan, 237 U. S. 625, 35 S.Ct. 710, 59 L.Ed. 1151.

The decision of the District Court will be affirmed.

Affirmed.