## UNITED STATES v. SCHENLEY DISTILLERS CORPORATION et al.

### Cr. 2440.

District Court, D. New Jersey.

July 19, 1945.

William Rubin, Esq. of Bayonne, N. J. (Milton, McNulty & Augelli, by John Milton, all of Jersey City, N. J., of counsel), for petitioner F. & A. Distributing Co.

Thorn Lord, U. S. Atty., of Newark, N. J., Charles A. Stanziale, Asst. U. S. Atty., of Newark, N. J., and Fleming James, Jr.,

Director, Litigation Division, and Charles Rembar, Chief, Office of Price Administration, both of Washington, D. C., for respondent.

MEANEY, District Judge.

Defendant, with other persons and corporations, was indicted on April 28, 1944, under Title 18, section 88 of the United States Code Annotated, for wilfully, knowingly and feloniously conspiring to commit offenses against the United States. The indictment charged the defendants with conspiring to engage in the business of wholesale liquor dealers and with offering to sell distilled spirits in quantities of five wine gallons and more, to the same person at the same time, and to make false entries in the records of the distilled spirits received and disposed of, in violation of the regulations promulgated by the Collector of Internal Revenue.

The second offense charged is conspiracy by the defendants to sell distilled domestic spirits, in violation of section 4(a) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 904(a), and the regulations issued by the Administrator of the Office of Price Administration, in cases of pints, quarts, and four-fifths of whiskey at prices that were in excess of maximum prices as authorized by the provisions of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq., and the provisions of the Maximum Price Regulation 193, section 1420.13, and Maximum Price Regulation 445, section 5.4.

This matter is now before the Court on defendant's application for leave to file a complaint in the Emergency Court of Appeals against the Administrator, setting forth objections to the validity of regulations under the Emergency Price Control Act.

The application is made by the defendant under the provisions of section 204(e) of the Act as amended by the Stabilization Extension Act of 1944, 50 U.S.C.A.Appendix, § 924(e), the pertinent parts of which are here set forth:

"Section 204(e) (1) Within thirty days after arraignment, or such additional time as the court may allow for good cause shown, in any criminal proceeding, and within five days after judgment in any civil or criminal proceeding, brought pursuant to section 205 involving alleged violation of any provision of any regulation or order issued under section 2 or of any price schedule effective in accordance with the provisions of section 206, the defendant may apply to the court in which the proceeding is pending for leave to file in the Emergency Court of Appeals a complaint against the Administrator setting forth objections to the validity of any provision which the defendant is alleged to have violated. The court in which the proceeding is pending shall grant such leave with respect to any objection which it finds is made in good faith and with respect to which it finds there is reasonable and substantial excuse for the defendant's failure to present such objection in a protest filed in accordance with section 203(a)."

The portion of the section above quoted provides that application for leave to file a complaint may, under certain conditions, be made in a proceeding brought pursuant to section 205 involving alleged violation of any provision of any regulation or order issued under section 2 or of any of the provisions of section 206.

The indictment in this case charges the defendants with conspiracy under Title 18 U.S.C.A. § 88 to violate section 2857 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 2857, and section 4(a) of the Emergency Price Control Act. The precise question presented is whether a conspiracy having for its object the commission of an offense prohibited by the Emergency Price Control Act is in itself an offense arising under that act and "brought pursuant to section 205" within the meaning of section 204(e) thereof.

■ It has consistently been held by the United States Supreme Court that a prosecution for conspiracy is not a prosecution under the statute whose violation is in its object. Thus, in United States v. Rabinowich, 238 U.S. 78, at page 85, 35 S.Ct. 682, 683, 59 L.Ed. 1211, that court stated:

"It * * * has been repeatedly declared in decisions of this court, that a conspiracy to commit a crime is a different offense from the crime that is the object of the conspiracy."

And further, quoting from an earlier opinion in United States v. Hirsch, 100 U. S. 33, 25 L.Ed. 539, the court in the Rabinowich case stated:

At page 89 of 238 U.S., at page 685 of 35 S.Ct., 59 L.Ed. 1211: "Specific acts which are violations of the laws made to protect the revenue may be said to be crimes aris-

ing under the revenue laws, * * *; but a conspiracy to defraud the government, though it may be directed to the revenue as its object, is punishable by the general law against all conspiracies, and can hardly be said, in any just sense, to arise under the revenue laws."

The Supreme Court in the recent case of Braverman v. United States, 317 U.S. 49, at page 54, 63 S.Ct. 99, 102, 87 L.Ed. 23, reiterated its earlier decisions in stating that:

"A conspiracy is not the commission of the crime which it contemplates, and neither violates nor 'arises under' the statute whose violation is its object."

■ It is the most reasonable interpretation that criminal proceedings "brought pursuant to section 205 involving alleged violation of any provision of any regulation or order issued" under the Emergency Price Control Act are limited to offenses created by that Act. For as stated by the Court in the Rabinowich case, supra, at page 88 of 238 U.S., at page 684 of 35 S.Ct., 59 L.Ed. 1211:

"We * * * have attributed to Congress a tacit purpose—in the absence of any inconsistent expression—to maintain a long-established distinction between offenses essentially different,—a distinction whose practical importance in the criminal law is not easily overestimated."

It is my conclusion that a proceeding for conspiracy to violate the Emergency Price Control Act is not itself an offense arising under, nor brought pursuant to, section 205 thereof. Hence, the defendant is held not within the provisions or contemplation of section 204(e) and this application to file a complaint against the Administrator must be denied. There is further compelling reason for the denial of this application upon which the court will take this occasion to comment.

■ The Stabilization Act of 1944, which added Section 204(e) to the Emergency Price Control Act and under the provisions of which this application is made, became law on July 1, 1944. The arraignment in this proceeding was had on May 10, 1944. Thus, even were the court to find that the offense charged was within the purview of Section 204(e) and brought pursuant to section 205, which the court specifically does not find as heretofore stated, the defendant is not within the provisions of the Amended Act. Arraignment

was had some 51 days prior to the date upon which the Act became law, and there is nothing from which the Court may conclude that this Act has other than a prospective effect.

■ No do I find that the defendant falls within the provisions of section 204 (e) which provide that application may be made thereunder within "such additional time as the court may allow for good cause shown."

The amended act under 204(e) above quoted provides that application shall be made within 30 days after arraignment or within such additional time as the court for good cause shown may allow. This provision has evidently been construed by the defendant to mean that he may come before the Court at any time after arraignment and after the prescribed 30 days have expired, if only he accompanies his out of time application with a showing of good cause why his application was not made within the 30 days prescribed. This I do not conceive to be the proper construction.

The Act prescribes a specific period within which an application may be made and provides further that such application may be made within such enlarged period as the Court may allow on good cause shown. Thus it seems to me to be evident that before an application to file a complaint may be made beyond the 30 day period, good cause must first be shown and the defendant receive from the Court an allowance of a specified period on or before which application to file such complaint may be made. It seems to me, moreover, that not only must good cause be shown in order to entitle the defendant to additional time, but such good cause must be shown within the 30 day period initially prescribed.

In the instant case the defendant could not make application for leave to file his complaint in the Emergency Court of Appeals within the prescribed 30 day period nor could he seek to make such application out of time on a showing of good cause. As heretofore stated, allowance of additional time may only be had where good cause is first shown, within 30 days after arraignment, why application for leave to file in the Emergency Court cannot be made within that time, and the allowance by the Court of such additional time as may be consonant.

For the reasons set forth, the defendant's application is denied.