## UPSHAW v. UNITED STATES.
### No. 3334.

Circuit Court of Appeals, Tenth Circuit.
Oct. 28, 1946.

William V. Webb, of Denver, Colo., for appellant.

Charles E. Dierker, U. S. Atty., and Robert E. Shelton, Asst. U. S. Atty., both of Oklahoma City, Okl., for appellee.

Before BRATTON and HUXMAN, Circuit Judges, and BROADDUS, District Judge.

BRATTON, Circuit Judge.

The indictment in this case contained two counts. The first count charged that appellant and Ruby Upshaw conspired together to violate 18 U.S.C.A. § 398 in that they conspired, combined, confederated, and agreed together to transport, cause to be transported, and aid and assist in transporting a certain named girl from Rochester, Minnesota, to Oklahoma City, Oklahoma, for the purpose of engaging in the practice of prostitution, debauchery, and other immoral acts. Seven separate overt acts were pleaded. The fifth overt act was that Ruby Upshaw traveled from Rochester to Oklahoma City, bringing the girl with her. The second count charged that appellant and Ruby Upshaw transported the girl from Rochester to Oklahoma City for the purpose of engaging in the practice of prostitution, debauchery, and other immoral acts. Appellant entered a plea of guilty to both counts and was sentenced on the first to imprisonment for two years and on the second to imprisonment for five years, with provision that the two sentences should run consecutively. After serving slightly more than three years in the penitentiary, appellant filed in the cause a motion to correct the judgment and sentence by vacating that part thereof imposing imprisonment for five years on the second count. The court entered an order denying the motion, and this appeal is from that order.

It is argued that the two counts in the indictment charged but one offense; that appellant was placed in double jeopardy for a single offense; and that having

pleaded guilty to the first count, the court was without warrant in law to impose sentence upon him on the second count. The Fifth Amendment guarantees against double jeopardy for a single offense. But that guaranty does not proscribe the power of Congress to make separately punishable each step leading to the consummation of a transaction which is within the reach of Congress to prohibit and also to make punishable the completed transaction. Albrecht v. United States, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505; Gilmore v. United States, 10 Cir., 124 F.2d 537.

Two or more offenses may be separate and distinct in law even though they grow out of the same transaction, if each embraces one or more elements different from the others. Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489; Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153; Slade v. United States, 10 Cir., 85 F.2d 786; Gilmore v. United States, supra. And the generally recognized test for determining whether the offenses charged in two or more indictments or in different counts of the same indictment are identical or separate is whether the same proof would sustain a conviction under both or whether each requires proof of one or more facts which is not required of the others. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L. Ed. 306; Gilmore v. United States, supra.

It is well settled that with certain exceptions not pertinent here a conspiracy to commit a crime is a different offense from the crime which is the object of the conspiracy. United States v. Rabinowich, 238 U.S. 78, 35 S.Ct. 682, 59 L.Ed. 1211; Pinkerton v. United States, 66 S.Ct. 1180; Curtis v. United States, 10 Cir., 67 F.2d 943; Hall v. United States, 10 Cir., 78 F.2d 168. And they are separate and distinct offenses even though the substantive offense is charged as one of the overt acts committed in furtherance of the conspiracy. Neither is merged into the other. Pinkerton v. United States, supra. Manifestly, the two counts charged separate and distinct offenses, to both of which appellant pleaded guilty, and therefore the court did not err in denying the motion. Accordingly, the order is affirmed.