### HELSEL v. UNITED STATES.

#### No. 5660.

Circuit Court of Appeals, Fourth Circuit.

Dec. 5, 1947.

74

Howard E. Helsel, pro se.

Wayne T. Brooks, Asst. U. S. Atty., of Wheeling, W. Va. (C. Lee Spillers, U. S. Atty., of Wheeling, W. Va., on the brief), for appellee.

Before PARKER and DOBIE, Circuit Judges, and CHESNUT, District Judge.

PER CURIAM.

This is an appeal from an order denying a motion to vacate and set aside sentences imposed upon appellant on a plea of guilty to a charge of escape and a conviction on a charge of conspiracy to escape. The facts are that appellant entered pleas of guilty to two indictments in cases A-5275 and A-5276, charging violation of the Dyer Act, 18 U.S.C.A. § 408, and the Selective Training and Service Act, 50 U.S.C.A. Appendix, § 301 et seq. While he was in custody awaiting sentence under these indictments, he and several other prisoners es-

caped. For the part that he had in this enterprise he was indicted in cases A-5302 and A-5305 for escape and conspiracy to escape. He pleaded guilty in A-5302 and was convicted in A-5305. He was sentenced to a term of five years in case A-5275, a term of one year in case A-5276, to begin at the expiration of sentence in A-5275, a term of five years in case A-5302 to begin at the expiration of the sentences in A-5275 and A-5276, and a term of two years in case A-5305, to begin upon the expiration of the other sentences. He contends that the last two sentences are void because not imposed so as to commence upon the expiration of the first sentence. For this position he relies upon the last two sentences of the escape statute, 18 U.S.C.A. § 753h, which are as follows: "The sentence imposed hereunder shall be in addition to and independent of any sentence imposed in the case in connection with which such person is held in custody at the time of such escape or attempt to escape. If such person be under sentence at the time of such offense, the sentence imposed hereunder shall begin upon the expiration of, or upon legal release from, any sentence under which such person is held at the time of such escape or attempt to escape."

Without deciding what the quoted provision of the statute would require if the appellant had been under sentence at the time of the escape, it is clear that it has no application when the escape took place before the imposition of sentence. Thomas v. Hunter, 10 Cir., 153 F.2d 834, 837. There was nothing in law or in reason to prevent the court's imposing the sentences to run consecutively in the order set forth. Contention is made that the crime of conspiracy of which appellant was convicted was merged in the crime of escape to which he pleaded guilty; but this contention is so lacking in merit as not to warrant discussion. It is well settled that conspiracy to commit a crime is a separate and distinct offense from the crime which is the object of the conspiracy and may be separately punished. United States v. Rabinowich, 238 U.S. 78, 35 S.Ct. 682, 59 L.Ed. 1211; Banghart v. United States, 4 Cir., 148 F.2d 521 and cases there cited.

Affirmed.