**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joseph H. CUDIA and John Turner,
Defendants-Appellants.**

**No. 14857.**

United States Court of Appeals
Seventh Circuit.

May 18, 1965.

Rehearing Denied June 15, 1965.

B. Jay Knight, Anthony S. Ingrassia, Rockford, Ill., for appellant Joseph H. Cudia.

John R. Snively, Rockford, Ill., for appellant John Turner.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, John Powers Crowley, Richard T. Sikes, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before SCHNACKENBERG, KILEY and SWYGERT, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Joseph H. Cudia and John Turner, defendants, appeal from their respective convictions by separate judgments entered on verdicts of a jury. They were tried upon an indictment charging a conspiracy, under 18 U.S.C.A. § 371, to have in their possession, custody and control an unregistered still, in violation of 26 U.S.C.A. § 5601(a) (1), (2), (4), (7) and (8) and § 5602, and alleging two overt acts by Cudia and one overt act by Turner in the execution of the conspiracy.

■ 1. Defendants assign as error the action of the district court in denying their motions to dismiss the indictment. They urge that the overt acts alleged are vague, indefinite and uncertain, under 18 U.S.C.A. rule 7(c), and violate the sixth amendment of the federal constitution.

The government, while assuming for the sake of argument on this point that the second overt act (that by Turner) is insufficient to specify a jurisdictional location, insists that the remaining two acts are specific as to time and place, under the authority of De Lacey v. United States, 9 Cir., 249 F. 625, 628, L.R.A. 1916E, 1011 (1918). In Yates v. United States, 354 U.S. 298, 334, 77 S.Ct. 1064, 1084, 1 L.Ed.2d 1356, the court said:

"* * * It is not necessary that an overt act be the substantive crime charged in the indictment as the object of the conspiracy. Pierce v. United States, 252 U.S. 239, 244

[40 S.Ct. 205, 64 L.Ed. 542]; United States v. Rabinowich, 238 U.S. 78, 86 [35 S.Ct. 682, 59 L.Ed. 1211]. Nor, indeed, need such an act, taken by itself, even be criminal in character. Braverman v. United States, 317 U.S. 49 [63 S.Ct. 99, 87 L.Ed. 23]. The function of the overt act in a conspiracy prosecution is simply to manifest 'that the conspiracy is at work,' * * *." [1]

We agree with the government's contention and we find no error in this respect.

■■ 2. Defendants claim error in the district court's denial of Turner's motion for a bill of particulars. However, such a motion is addressed to the sound discretion of the court. United States v. Ansani, 7 Cir., 240 F.2d 216 (1957), cert. den. sub nom Milner v. United States, 353 U.S. 936, 77 S.Ct. 813, 1 L.Ed.2d 759. In Wong Tai v. United States, 273 U.S. 77, at page 82, 47 S.Ct. 300, at page 302, 71 L.Ed. 545, the court said:

"* * * And there is nothing in the record indicating that the defendant was taken by surprise in the progress of the trial, or that his substantial rights were prejudiced in any way by the refusal to require the bill of particulars. See Connors v. United States, 158 U.S. 408, 411 [15 S.Ct. 951, 39 L.Ed. 1033]; Armour Packing Co. v. United States, 209 U.S. 56, 84 [28 S.Ct. 428, 52 L.Ed. 681]; New York Central [& H.] R. R. [Co.] v. United States, 212 U.S. 481, 497 [29 S.Ct. 304, 53 L.Ed. 613]."

The indictment in the case at bar alleges the period of the conspiracy to be from March 7, 1963 to April 6, 1963 and the dates of the overt acts are within that general period. The record fails to show that defendants were taken by surprise at the trial or that their substantial rights were prejudiced in any way by the lack of a bill of particulars.

1. A helpful collection of authorities is found in United States v. Gilboy, D.C.M.D.Pa., 160 F. Supp. 442 (1958).

3. In their brief, appellants contend that the trial court erred in denying defendant Turner's motion for a complete list of witnesses. They rely on Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103. However, we do not believe Jencks is applicable to that contention. There is no showing that the government had a list of witnesses or that a situation arose to which the decision in Jencks would apply.

4. Defendant Turner filed a motion to suppress as evidence 1000 gallons of mash and certain products and material claimed to have been unlawfully seized without a search warrant, in violation of the fourth and fifth amendments to the federal constitution. Some of this evidence was introduced by the government at the trial, together with testimony relating thereto and photographs thereof. Thereupon the motion was renewed and denied.

However the government calls our attention to evidence in the record that Ebens, a government witness, who was a detective for the Winnebago County sheriff's office, testified that he and detective Graham saw a large gas tank sitting outside a building and that as they got close to the building they could smell mash. The detectives went to Cudia's house and picked him up. Cudia later that day told them he owned the building and rented it to a man known to him as Scott Dullard. Thereupon they went to the building in question and, when asked if he had a key, Cudia answered in the negative, that the rent had not been paid for the month of April and that the detectives should break the lock on the building. Cudia and two other detectives entered the building, where it was very warm and the smell of mash was very strong. Cudia went ahead and turned on the lights in the building. The men entered the basement and in front of them were 20 barrels of mash, a cooker, a cooler, sugar and crocks. Cudia then was placed under arrest and later he made and signed a written statement.

While in this court the argument that the trial court erred in denying a motion to suppress evidence appears in a brief filed by the attorneys for Turner as well as Cudia, it is clear that Cudia cannot assert this claim inasmuch as he authorized the detectives to break the lock and enter the premises where the illegal still was in operation. As to the objection of Turner to the failure of the trial court to suppress the evidence, we hold that his motion to suppress was properly denied by the district court. Certainly all searches without a warrant are not illegal. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). The observation of gas tanks near the building housing the still and the detection of the odor of mash emanating from the building, followed by the disclaimer to the officers by the owner of an immediate possessory interest in the premises and the assertion of the landlord's right of re-entry amounted to an authorization to the officers to enter the building. We think our holding in United States v. Sferas, 7 Cir., 210 F.2d 69, 74 (1954) is persuasive, where we said:

"\* \* \* where two persons have equal rights to the use or occupation of premises, either may give consent to a search, and the evidence thus disclosed can be used against either. \* \* \*"

5. In a general attack upon the facts revealed by the evidence in this case, defendants charge that there is no proof of conspiracy or of their identity as the persons charged, and that the verdicts are not supported by substantial evidence. Despite the lack of an appendix as provided by our rule 16, we have referred to the voluminous transcript of proceedings and find that there is such proof and evidence.

On this appeal, the evidence is to be viewed in a light most favorable to the government. United States v. Micele, 7 Cir., 327 F.2d 222, 224 (1964). So viewed, the evidence was sufficient to support the verdicts of the jury.

No formal agreement is necessary to constitute a conspiracy; such an agreement may be inferred from the

230

facts appearing in the evidence. A common design is the essence of conspiracy. United States v. Zuideveld, 7 Cir., 316 F.2d 873, 878 (1963), cert. den. 376 U.S. 916, 84 S.Ct. 671, 11 L.Ed.2d 612.

6. We believe that the district court properly submitted to the jury two forms of verdicts as to Cudia and two as to Turner. As to each defendant there was a form finding him guilty and a form finding him not guilty. The jury signed the form as to each defendant which read "We, the jury, find defendant [here the name of a defendant was entered] guilty". There was no error here.

For these reasons the judgments from which this appeal was taken are affirmed.

Judgments affirmed.

Castle, Circuit Judge, dissented.