**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Angel Mario TORRES, Defendant-**
**Appellant.**

**No. 15161.**

United States Court of Appeals
Seventh Circuit.

Jan. 5, 1966.

Rehearing Denied Jan. 26, 1966.

**634**

Raymond J. Smith, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, John Powers Crowley, Barry J. Freeman, Irwin A. Katz, Asst. U. S. Attys., Chicago, Ill., Lawrence Jay Weiner, Asst. U. S. Atty., of counsel, for appellee.

Before SCHNACKENBERG, KNOCH and SWYGERT, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Angel Mario Torres, defendant, has appealed from a judgment of the district court, convicting him of selling, receiving, concealing, buying and facilitating the transportation, concealment, and sale of narcotics, in violation of Title 26, Section 4705(a), and Title 21, Section 174, United States Code, as amended by the Narcotic Control Act of 1956. Having entered a plea of not guilty, defendant was tried by a jury.

1. Defendant (Torres) contends that the district court committed error in allowing the jury to hear highly prejudicial and inadmissible statements of a codefendant, Manny Elner, and in failing thereafter to grant defendant a severance.

While narcotics agent Coulter was testifying for the government, the court told the jury that a defendant may be tried only on his own acts or his own statements, under ordinary circumstances.

Coulter testified that, on the evening of October 25, 1963, he arranged to purchase heroin from Elner, for which he paid in advance $100 in prerecorded currency, that later that night he saw Elner meet and shake hands with defendant in an alley, that Elner then placed his hand in his right trouser pocket, and a few minutes later Elner entered Coulter's car and told him that defendant "turned him" (sold narcotics to him) right there in the alley, that, if defendant saw one of Elner's customers, he would cut off Elner's supply, that defendant did not "like anyone dealing in his area" and also that defendant "had good stuff at a good price".

Defendant's counsel now argues that the evidence of Elner's guilt independently of these statements was overwhelming.

The district court denied defendant's motion for a severance.

According to Coulter's further testimony, on November 6, 1963 he gave Elner $400 for the purchase of narcotics and Gilberto R. Mendez[1] entered the building where defendant resided and later met Elner, to whom Mendez gave a package. Mendez then returned to the building where defendant lived. Then Elner gave narcotics to Coulter.

---

1. A defendant below, but not a party to this appeal.

Defendant was later arrested and $200 in the currency which had been prerecorded and dusted with fluorescent powder was found on his person.

In its final charge to the jury, the district court instructed with emphasis that evidence as to what Elner may have said or done was not admissible against defendant.

From an examination of the entire record in the district court we are convinced that no error was committed in the denial of defendant's motions for severance and for acquittal. Throughout the trial the court clearly and correctly limited the jury in its consideration of the evidence. Moreover, no error was committed in the admission in evidence of the statements of Elner.

2. Based upon our review of the record, we hold that there was probable cause for defendant's arrest on November 6, 1963.

3. After his arrest he was told that part of the money found on his person was marked money used in the narcotics purchase from Elner earlier that day. Defendant stated that it was money to pay off a gambling debt and he added that he had nothing to do with narcotics. When the narcotics agents asked him if they could search his apartment for narcotics, he consented. They found none. Defendant said there was "about $7,000 or $8,000" there. The record shows that the agents found $7325, which was counted in defendant's presence. He said he had no more money.

There was not only acquiescence, but voluntary cooperation, by defendant, in the search and it was therefore lawful. United States v. Cudia, 7 Cir., 346 F.2d 227, 229 (1965).

We also hold that $50 of the marked bills, which the evidence showed were involved in the October 25th transaction, and discovered as the result of the November 6th search, was properly admitted in evidence.

For all these reasons, the judgment of the district court is affirmed.

Judgment affirmed.