**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James MADDOX and Bradford G.
Knowles, Defendants-Appellants.**

**No. 73-2611.**

United States Court of Appeals,
Fifth Circuit.

April 4, 1974.

Alvin T. Prestwood, Montgomery, Ala. (Court-appointed), for defendants-appellants.

Ira DeMent, U. S. Atty., D. Broward Segrest, Asst. U. S. Atty., Montgomery, Ala., for plaintiff-appellee.

Before TUTTLE, GOLDBERG and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Defendants James Maddox and Bradford Knowles were found guilty of conspiring (18 U.S.C.A. § 371) to transport 10,000 stolen shirts in interstate commerce, knowing the shirts to be stolen (18 U.S.C.A. § 2314).

The most troublesome point in these appeals is the assertion by Maddox that the trial court improperly allowed a confession by co-defendant Knowles to be used against him. We have finally concluded, however, that whatever error may have occurred in this regard in the Government's case in chief was cured when Knowles took the stand and admitted making the statement which implicated Maddox. Finding no merit in the other legal errors asserted on appeal, we affirm both convictions.

Briefly, the facts are these. Suspecting theft as the reason for its inordinate inventory losses, shirt manufacturer Alatex, Inc., solicited the private investigative services of its parent corporation, Cluett-Peabody, Inc., to locate the culprits. Cluett-Peabody's private agents, making known their desire to "deal" in stolen shirts, were contacted by the defendants and arranged to "fence" the merchandise in Atlanta. The delivery of 300 stolen shirts to the security agents sufficiently fulfilled the conspiratorial overt act.

■■■ (1) The defendants argue that the company's deep involvement in the conspiracy, to the extent of suggesting and arranging for the transportation, amounts to complicity and precludes their conviction because of entrapment as a matter of law. The argument overlooks the fact that private investigators, rather than governmental agents, participated in the arrangements. The entrapment defense does not extend to inducement by private citizens. United States v. Prieto-Olivas, 419 F.2d 149 (5th Cir. 1969); Pearson v. United States, 378 F.2d 555 (5th Cir. 1967). Moreover, the defendants received the benefit of the defense when the District Court submitted the issue of entrapment to the jury for factual determination. United States v. Groessel, 440 F.2d 602 (5th Cir. 1971). The jury found against the defendants. In any event, the conduct of the private investigators merely afforded opportunities and facilities for the commission of the offense, a continuing illegal enterprise, without initiating the criminal design in the defendants' minds. *See* United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973).

■■■ (2) Defendants allege the Government did not prove that the goods actually transported in interstate commerce were valued in excess of $5,000. Defendants were convicted of conspiracy, however, and it is not necessary to prove every element of the substantive offense. For a conspiracy conviction, the Government need only prove knowledge of the conspiracy and that some act in furtherance of it was intentionally done. Huff v. United States, 301 F.2d 760, 766 (5th Cir. 1962). The Government sufficiently proved innumerable overt acts in furtherance of a conspiracy to abscond with 10,000 shirts, an amount whose value satisfies the monetary element of 18 U.S.C.A. § 2314.

■■■ (3) Defendants claim the Court should have allowed defense attorney Prestwood to testify as to a telephone conversation to explain why he had invited a representative of the Travelers Insurance Company to attend the trial. After introducing the insurance agent to the jury during its opening statement, the defense did not call the agent as a witness. In rebuttal, the Government called Mr. Prestwood and asked if he invited the agent. Prestwood gave an af-

firmative reply. By way of self-cross-examination, Prestwood attempted to testify to the agent's comments during a telephone conversation to him. The Government's hearsay objection was properly sustained. The defense should have called the insurance agent if it wished to produce his testimony.

■■ (4) The District Court acted within its discretion by sustaining the Government's objection to a defense witness' testimony concerning certain Alatex inventory shortages. Inventory summaries were known and available to the defense, and could have been introduced. Defendants seem to argue that because governmental witnesses testified concerning the inventories, their witness should be heard. The defense, however, did not object to the Government's potentially excludable hearsay testimony. A rule of evidence not invoked is waived. 1 Wigmore on Evidence § 18 (3d ed. 1940).

■ (5) The voluntariness of Knowles' confession is challenged on appeal. The private investigators arranged for Alatex employee suspects to be questioned at a local motel concerning the missing merchandise. The employees, still on the company payroll and not under arrest, were maintained at company expense in a casual atmosphere. A T.V. room, sandwiches, and snacks were provided. The employees received their normal pay, including overtime during the questioning. Their freedom to leave was equivalent to that while "on the job." It was in this context that Knowles confessed his activities.

Defendants' objection is premised on the private investigator's failure to give *Miranda* warnings to Knowles. *Miranda* is inapplicable to non-custodial questioning by private citizens. Yates v. United States, 384 F.2d 586 (5th Cir. 1967). The facts surrounding the confession were scrutinized by the trial judge at an out-of-the-presence-of-the-jury hearing on voluntariness requested by the United States Attorney. The jury was subsequently instructed as to voluntariness. The factual determination by the jury is not legally precluded.

■ (6) Maddox argues that his conviction should be set aside because the Court admitted Knowles' confession into evidence against him. The statement implicated Maddox:

> A fellow by the name of James Maddox called me and told me this guy, Emmett, wanted some shirts and wanted to know if I could get him some.

Made after termination of the conspiracy rather than in the course of the conspiracy, the statement was inadmissible hearsay evidence against Maddox under Krulewitch v. United States, 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790 (1949). Even had the confession been admitted with an instruction that it could be used against Knowles alone, Maddox could claim reversible error under Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). The Government concedes that the confession was initially admitted by the trial court contrary to the rule in *Bruton,* but contends that when Knowles later took the stand, denied the truthfulness of the statement, and claimed that he was tricked and coerced into making the statement, *Bruton* became inapplicable. We agree.

In *Bruton* the Supreme Court overruled Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957), which had held that such a statement could be introduced if the Court instructed the jury not to consider it as evidence against the non-declaring co-defendant. The *Bruton* court held that a jury instruction is insufficient to cure the prejudicial effect of an inadmissible co-conspirator's statement implicating a co-defendant since the co-defendant is entitled to confront the declarant and engage him in full and effective cross-examination.

When Knowles took the stand, Maddox's right to confrontation was fulfilled

and he had the opportunity to engage Knowles in full and effective cross-examination. In Nelson v. O'Neil, 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971), decided after *Bruton*, the Supreme Court held that where an out-of-court hearsay statement of one defendant implicating a co-defendant was admitted in the Government's case in chief, the subsequent in-court testimony of the one who made the statement was sufficient to afford the prejudiced co-defendant his right to "full and effective" confrontation and the *Bruton* rule became inapplicable. *See* California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); Hawkins v. United States, 417 F.2d 1271 (5th Cir. 1969); James v. United States, 416 F.2d 467 (5th Cir. 1969); Santoro v. United States, 402 F.2d 920 (9th Cir. 1968), cert. denied, 400 U.S. 849, 91 S.Ct. 58, 27 L.Ed.2d 86 (1970).

■■■ Although under the *Bruton* rule, Knowles' statement should not have been admitted in the Government's case in chief, it became appropriate evidence on cross-examination of Knowles as a prior contradictory statement for impechment purposes. Of course *Bruton* does not hold that such evidence becomes admissible against a non-declaring co-defendant such as Maddox merely because he receives confrontation and the right to cross-examination. *Bruton* would indicate, however, that upon confrontation and cross-examination a *Delli-Paoli* instruction would be sufficient to protect a non-declaring defendant against prejudice so that the evidence could be admitted against the maker of the statement. Since Knowles denied the truth of the statement, Maddox might have been entitled to an instruction at the time of Knowles' testimony that the statement could be used only to determine the credibility of Knowles, and should not be used as proof of the truth of the hearsay statement concerning Maddox. No instruction was then requested, however. On final submission to the jury, the Court gave a correct instruction. The Court charged that any statement by a conspirator implicating a co-conspirator could not be used against the co-conspirator unless made in the course of the conspiracy. Specifically, the trial judge instructed the jury that

> in determining whether a particular defendant was a member of the conspiracy, if there were any you should consider only his acts and statements and the acts of independent witnesses other than the other conspirator. A conspirator cannot be bound by the acts and declarations of other participants in the conspiracy until after it has been established that a conspiracy existed and that he was one of its members. Now, you may not consider a declaration or act of one alleged conspirator as evidence against any other alleged conspirator unless you are satisfied beyond a reasonable doubt that the act or the declaration was made when the alleged conspiracy was in existence and still in progress. . . . [Y]ou should not consider a defendant's confession in the case if from the evidence there exists a reasonable doubt in your mind as to whether the confession was voluntarily made. And you may not consider a confession, admission, or extrajudicial statement by an alleged conspirator as evidence against any other alleged conspirator unless you are satisfied beyond a reasonable doubt that such confession, admission, or extrajudical statement was made prior to the termination of the conspiracy and during the existence of the conspiracy.

■■■ No objection was made to this charge nor were any additional charges requested. Assuming that the jury properly followed these instructions, the statement was not used as evidence against Maddox. In any event, a review of the record indicates to us that even if the trial court mishandled the admission of the single reference to Maddox in the statement, any slight error was harmless beyond a reasonable doubt in view of the other evidence supporting the verdict of guilt. Brown v. United States, 411 U.S.

223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973); Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

Affirmed.