**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Gene MUNCY, Defendant-Appellant.**

No. 75–1900.

United States Court of Appeals, Fifth Circuit.

Feb. 17, 1976.

William J. Schloth, Columbus, Ga., for Robert Gene Muncy.

Ronald T. Knight, U. S. Atty., Charles T. Erion, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before COLEMAN and INGRAHAM, Circuit Judges, and O'KELLEY, District Judge.

O'KELLEY, District Judge:

Robert Gene Muncy, the appellant, was convicted of conspiracy to transport stolen goods in interstate transportation and concealing and storing certain stolen beef which was a part of interstate commerce in violation of 18 U.S.C. §§ 371, 2315. This appeal from the jury verdict raises four grounds of error. The appellant complains of the refusal to grant a motion for change of venue, of the refusal to allow a collateral attack on the testimony of a government witness, of the failure of the court to charge more strongly for the defense on the weight of the testimony of a coconspirator or

accomplice, and of the court's charge that the defendant need not have knowledge that the stolen property was moving in interstate commerce. Upon review of the case, we affirm the trial court.

The appellant was the president of a chain of grocery stores which had filed a bankruptcy action in the division of the court where these criminal charges were pending. Many employees and creditors of the company lost money in the bankruptcy proceedings, and there had been substantial publicity concerning the bankruptcy proceedings. The appellant contended that he could not receive a fair trial in that division of the court and requested a change of venue so that trial would be held in another division of the district. The motion was denied.

■ The trial court has wide discretion in regard to granting or denying motions for change of venue, and, absent an abuse of discretion, the trial court's ruling should not be upset. *United States v. Noland,* 495 F.2d 529 (5th Cir. 1974); *United States v. Thaggard,* 477 F.2d 626 (5th Cir.), *cert. denied,* 414 U.S. 1064, 94 S.Ct. 570, 38 L.Ed.2d 469 (1973); *United States v. Nix,* 465 F.2d 90 (5th Cir.), *cert. denied,* 409 U.S. 1013, 93 S.Ct. 455, 34 L.Ed.2d 307 (1972).

■ In an attack on the verdict based on pretrial publicity, it is necessary that the defendant show that community prejudice actually invaded the jury box. *Irvin v. Dowd,* 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961).

■ Here it is conceded that no juror served who was prejudiced in the manner complained of by defendant. Only one employee of a creditor of the bankrupt company was on the jury panel, and he was stricken. The trial court allowed the defendant extra strikes. Thus, the defendant has not shown that any community prejudice entered the jury box.

■ The appellant claims error in the trial court's refusal to allow the collateral impeachment of a government witness by showing that he had been discharged

from his employment at the police department rather than resigning as he had testified. There was no offer of proof of the evidence as required by rule 103, Federal Rules of Evidence. Thus, this court cannot determine the effect of the exclusion of the evidence since the attorneys dispute these facts. While it would appear that the trial court's ruling was not error, this court does not have to pass on that issue since the record is inadequate to show what the excluded evidence would have been.

■ The appellant complains that the trial court did not charge the jury strongly enough concerning the testimony of an accomplice. The appellant did not request a different charge on this principle of law, nor did he object to the charge as given before the jury deliberated.

The court charged that:

An accomplice does not become incompetent as a witness because of participation in the criminal act charged. On the contrary, the testimony of an accomplice alone, if believed by you, may be of sufficient weight to sustain a verdict of guilty even though it is not corroborated or supported by other evidence. However, the jury should keep in mind that such testimony is to be received with caution and weighed with care, and you should not convict a defendant upon the unsupported testimony of an accomplice unless you believe the unsupported testimony beyond a reasonable doubt.

■ This charge is a correct principle of law and, thus, is not plain error. In absence of a request to charge differently or in the absence of a timely objection to the charge given, there is no error. *United States v. Rogers,* 465 F.2d 996 (5th Cir. 1972); *United States v. Rodriguez,* 498 F.2d 302 (5th Cir. 1974); *United States v. Smith,* 502 F.2d 1250 (5th Cir. 1974).

■ Lastly, the appellant claims error in that the trial court charged that knowledge that the stolen property had

moved in interstate commerce was not essential.[1]

The statute in issue, section 2315, Title 18, United States Code, reads:

> Whoever receives, conceals, stores, barters, sells, or disposes of any goods, wares, or merchandise, or securities, or money of the value of $5,000 or more . . . moving as, or which are a part of, or which constitute interstate or foreign commerce, knowing the same to have been stolen, unlawfully converted, or taken . . . .

■ By the very language of the above statute, the only knowledge required is that the property was stolen. Interstate transportation is a jurisdictional element of the statute. In the conspiracy count the appellant is charged with agreeing to violate the above section in violation of section 371, Title 18, United States Code. A conspiracy charge does not require proof that the conspirators were aware of the criminality of their objective; however, it does require at least the knowledge required in the substantive offense itself. *Ingram v. United States,* 360 U.S. 672, 79 S.Ct. 1314, 3 L.Ed.2d 1503 (1959).

Applying the rationale in *United States v. Feola,* 420 U.S. 671, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975), and *United States v. Doolittle,* 507 F.2d 1368 (5th Cir. 1975), it would appear that knowledge of jurisdictional facts is not required in determining guilt of either the substantive offense or the conspiracy offense. Thus, the trial court was correct in charging that knowledge of the interstate transportation was not an element of the offense.

The judgment is affirmed.

1. The court charged as follows: "With regard to the offenses charged against the defendants in this indictment, you will notice that reference is made to the allegation that the meat moved in interstate commerce. That means from one state to another. That is what interstate commerce means. And it is alleged that the tractor-trailer moved in interstate commerce, which also means from one state to another state. In that connection, I charge you that knowledge by the defendants of the fact that the tractor-trailer and meat alleged in the indictment moved or had moved in interstate commerce is not an essential element of the offense. That is, it is not necessary for the government, the prosecution, to prove that the defendants, prior to or after the alleged receipt of such meat, had knowledge of the fact that the meat had been transported in interstate commerce, as alleged in the indictment. It is necessary for the government to prove interstate commerce in order to establish the jurisdiction of this court over the offenses charged, and it will be necessary for you to conclude that such interstate commerce was involved in order to find that the defendants were guilty. However, as previously noted, proof of the defendants' knowledge of interstate commerce is not required. In other words, you can find the defendants guilty of the offenses charged in the indictment if you find they committed all other elements of the offense charged, even if you should determine they had no knowledge whatsoever of the alleged interstate transportation of the supposedly stolen goods."