**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Donald Francis HAYNES, Phillip Johnson, and Paul Bruen Johnson,**
**Defendants-Appellants.**

**No. 76-3780**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

June 20, 1977.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Henry George White, Melrose, Fla. (Court-Appointed), for Haynes.

Joseph P. Baker, Orlando, Fla. (Court-Appointed), for Johnson.

David T. Young, Rockledge, Fla. (Court-Appointed), for Paul B. Johnson.

John L. Briggs, U. S. Atty., Jacksonville, Fla., A. Thomas Mihok, Asst. U. S. Atty., Orlando, Fla., for plaintiff-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

Appellants Donald Haynes, Phillip Johnson, and Paul Johnson appeal their convictions for conspiracy, and distribution of cocaine. Haynes was only convicted on the conspiracy charge. They raise numerous assignments of error, which we find meritless. The convictions are affirmed.

In October or November 1975, the government informant, Linda Williams, met Haynes at a party in Cocoa Beach, Florida. At the time she was working on another matter, but understood that Haynes was selling marijuana. In January 1976, Williams met Haynes at the Anchor Club in Cocoa Beach and inquired if he knew where she could obtain cocaine. They discussed the money they could make on such a deal. Haynes called Williams about a week later and stated he thought he had a source of cocaine. He stated he would like to meet her buyer. On January 8, 1976, Williams and Drug Enforcement Administration Agent Torres went to Haynes' apartment. The cocaine was not available but a meeting was set for the next day. Torres and Williams returned the next evening about 9 p. m. Haynes still did not have the cocaine, but asked to see Torres' money. A flash roll was produced. Haynes stated the deal could go down on the twelfth. He stated the cocaine was dyna-

mite stuff that had only been stepped on (cut) once.

On the twelfth, Torres and Williams went to Haynes' apartment. They were introduced to Phillip Johnson as the source. Johnson stated he did not have the ounce of cocaine, but did have a sample. If it proved acceptable the ounce would be obtained. The parties then went to another residence, that of Paul Johnson. Haynes and Williams waited in the car, while Torres went inside with Johnson. Torres was then introduced to Paul Johnson. The cocaine was tested. Torres paid $800 for one half ounce. The second half ounce was delivered to Torres in the car for $900. $100 was given to Haynes by Phillip Johnson.

Another deal was set for January 20. At that time Torres was accompanied by Drug Enforcement Administration Agent Hancock. Williams was not present. They again went to Paul Johnson's apartment. Phillip Johnson and Torres went inside while Haynes and Hancock waited in the car. The Johnsons and Torres agreed to direct contact, bypassing Haynes. The deal was set for an hour later. At that time Torres paid $1700 for an ounce of cocaine from the Johnsons. All parties agreed Haynes was looking for a buck and was not experienced in dealing cocaine. Surveillance agents corroborated Torres story. Chemical analysis revealed that the substance was cocaine hydrochloride between 83 and 94% pure.

Haynes took the stand in his own behalf. Haynes denied knowledge of any actual sales of cocaine, or of the actual transaction on the 20th. He admitted he had previously sold marijuana. He admitted he was in the deal for the money. The defense also called Orlando City Prosecutor Joel Spector, who testified he had dealt with Torres in other matters, and in his opinion Torres did not tell the truth in those proceedings. Motions for acquittal were denied. The jury found Haynes guilty of conspiracy, while the Johnsons were found guilty of conspiracy and distribution of cocaine.

 Haynes only argument on appeal is that the jury's verdict was inconsistent in that they acquitted him on the substantive counts while convicting him on the conspiracy. He argues they believed he was entrapped into the sales, and thus must have been entrapped into the conspiracy. Consistency in a jury's verdicts on separate counts of an indictment is not required. *U. S. v. Panzavecchia,* 5 Cir. 1971, 446 F.2d 1293, 1296. A guilty verdict may not be set aside on this basis. This is particularly true when the indictment charges different offenses requiring different elements of proof. This allegation lacks merit.

 Appellant Paul Johnson argues there was insufficient evidence that he was involved in a conspiracy or that he distributed cocaine. The evidence at trial established that Torres, accompanied by Phillip Johnson, went to Paul's apartment on January 12 and 20. On both of those occasions Torres purchased cocaine from Paul Johnson. The court refused to grant Johnson's motion for acquittal, and the jury found him guilty. The test for sufficiency of the evidence was stated in *Glasser v. U. S.,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). The verdict of the jury must be sustained if there is substantial evidence to sustain it, taking the view favorable to the government. Here the evidence clearly showed that Paul Johnson was involved in the conspiracy, that he was the source of the cocaine, and that he sold it to Torres.

 Drug Enforcement Administration Agent Walde testified that when he arrested Haynes he advised him of his constitutional rights, but that Haynes stated, "I was expecting you. I sold cocaine to a narc. I sold a friend." At that point the trial court gave the jury a limiting instruction on the statement. There was no objection at trial. Paul Johnson now alleges the instruction was insufficient. Statements of a conspirator made during the course of the conspiracy and in furtherance of its objects are admissible against coconspirators. *U. S. v. Apollo,* 5 Cir. 1973, 476 F.2d 156. Statements made by a conspirator after the termination of the conspiracy are admissible

only against the declarant. *U. S. v. Arias-Dias*, 5 Cir. 1974, 497 F.2d 165. The trial court so instructed the jury here. The instruction is a correct statement of the law and thus not plain error. *See Krulewitch v. U. S.*, 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790 (1949). In absence of a request to charge differently or in the absence of a timely objection to the charge given, there is no error. *U. S. v. Muncy*, 5 Cir. 1976, 526 F.2d 1261, 1263.

Paul Johnson next complains that the court erred in failing to allow the defendants to call additional witnesses to attack Torres' reputation for truth and veracity. The court ruled he would allow one such witness since they would both be testifying to the same thing, and thus the testimony would be cumulative. F.R.Evid. Rule 608(b)(2) allows testimony about a witness' reputation for truthfulness. Rule 403 provides relevant evidence may be excluded if it is a needless presentation of cumulative evidence. Trial court's rulings on character evidence will not be disturbed on appeal absent a showing of an abuse of discretion. *U. S. v. Gray*, 5 Cir. 1975, 507 F.2d 1013, 1016. Since counsel admitted the testimony would be the same, the court did not abuse its discretion in limiting testimony to one witness.

Both Johnsons argue the court erred in not granting acquittals because the government informant was paid on a contingent fee basis, and the government failed to show any justification or explanation. They argue the due process rationale of *Williamson v. U. S.*, 5 Cir. 1962, 311 F.2d 441, applies. *Williamson* involved a case where an informant was promised a sum of money if cases were made against certain individuals. That case has since been limited and we have refused to apply its rationale in situations where the informant had no specific target, and where the actual buy of contraband was made by a government agent. *See U. S. v. McClure*, 5 Cir. 1977, 546 F.2d 670, 673. *Williamson* simply does not apply here.

Phillip Johnson contends he was denied the effective assistance of counsel because the court hurried his defense counsel. In support of this argument counsel alleges there was no discovery, and there were only 30 minute lunches. The record does not support this allegation. Counsel was appointed some 53 days, or almost two months prior to trial. Discovery proceeded under F.R.Cr.P. Rule 16 which does not require pretrial depositions or witness lists in non-capital cases. Court was recessed at counsel's request to study Jencks material. The first day of trial concluded at 6:05 p. m. and resumed at 9 a. m. the next morning. The supplemental record on appeal reveals the discovery materials delivered to counsel. He adequately and effectively represented his client.

Phillip Johnson's final contention is that the court abused its discretion in sentencing him to three year concurrent terms on each of the counts where the maximum was 15 years. The imposition of a sentence, as long as it does not exceed the statutory maximum, is solely within the trial court's discretion. *U. S. v. Sanchez*, 5 Cir. 1975, 508 F.2d 388. An abuse of discretion must be shown to overturn it on appeal. *U. S. v. Menichino*, 5 Cir. 1974, 497 F.2d 935. No such abuse has been shown here when the appellant could easily have received 15 years.

All of appellant's assignments of error are meritless. The judgment of the district court is AFFIRMED.

AFFIRMED.