PER CURIAM.
|/Writ granted. As reiterated in State v. Bernard, 09-1178, p. 5 (La.3/16/10); 31 So.3d 1025, 1029, “Miranda only applies if three conditions are met: (1) the defendant is in ‘custody’ or significantly deprived of freedom, (2) there is an ‘interrogation,’ and (3) the interrogation is conducted by a ‘law enforcement officer’ or someone acting as their agent.” See also United States v. Maddox, 492 F.2d 104, 107 (5th Cir.1974)' (“Defendants’ objection is premised on the private investigator’s failure to give Miranda warnings to Knowles. Miranda is inapplicable to non-custodia! questioning by private citizens.”) (citing Yates v. United States, 384 F.2d 586 (5th Cir.1967)).In the pres'ent case, there is no indication’the private investigator ■ was acting as a law ■ enforcement officer or as an agent of -law enforcement. Therefore, the district court erred in granting defendant’s motion to suppress his inculpatory statement based *124 on the failure of the private investigator to read defendant his Miranda rights prior to questioning him. However, defendant also moved to suppress his statement alleging that it was not fréely and voluntarily made, as required by La.R.S. 15:451. The district court has not yet ruled on that question of state law. Therefore, the matter is remanded to |athe district court for further proceedings consistent with the views expressed here and to address that outstanding issue.
KNOLL, J., dissents and would deny the writ.